IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ELIJAH BOWERS, JR.,

                Petitioner,                      ORDER

    v.                                     09-cv-194-bbc

JANEL NICKEL, CAPTAIN RADKT,
L.T. JOHNSON, NEUHAUSER,
PULVER, SALENE, VANDENBROOK,
MARSHAL, SARAH WATSON,
NINAKU CANADY, MICHAEL THURMER,
MICHAEL MEISENER, DON STRAHOTA,
CAPTAIN GARRISON, TRAVIS S. CAUL
and MARK LEISATZ,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On April 6, 2009, I assessed petitioner David Bowers an initial partial payment of the filing fee in the amount of $1.15 and gave him until April 28, 2009, in which to make the payment. In response to the April 6 order, petitioner has submitted a letter in which he informs the court that his request for disbursement of funds to pay the initial partial filing fee was denied. He has attached to his letter the rejected disbursement request on which a prison employee named M. Meyer notes that "no funds [are] available" to process the

1

request. Although in his letter petitioner does not ask the court to take any action with regard to the denial of his request for disbursement of funds, it is possible he will be able to make the payment with a three-week extension of the deadline. Therefore, I will construe his letter as a motion for extension of time and extend his deadline to pay the $1.15 payment until May 19, 2009.

Although I have given petitioner additional time to submit his payment, it may well be that he will be unable to pay the initial partial payment by the May 19 deadline. The trust fund account statement petitioner submitted with his complaint indicates that he has a zero balance in both his regular and release accounts. However, if, at some future time, petitioner is able to make the initial partial payment or enough time elapses that a six-month trust fund account statement would show that he has had no income for a full six-month period and thus had no means to make an initial partial payment, he would be free to refile this lawsuit.

An additional matter requires comment. In his recent letter, petitioner says that he is in "danger" because prison officials have denied him access to the courts and threatened him "with another cell extraction team with weapons to go on a threatrical [sic] racketeering pattern with Brown County Circuit Court . . . ." Although petitioner has not filed a motion requesting a preliminary injunction, it appears he may be seeking injunctive relief. However, he cannot seek such relief unless he makes his initial partial payment. If in fact petitioner desires a preliminary injunction, he must pay the $1.15 portion of his filing fee and then he

2

may file a motion requesting such relief. Petitioner should be aware that this court requires that a party seeking emergency injunctive relief follow specific procedures for obtaining such relief. Those procedures are described in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order. The court will not consider a motion for a preliminary injunction unless these procedures are followed.

## ORDER

IT IS ORDERED that petitioner's motion for extension of time to pay the initial partial payment, dkt. #5, is GRANTED. Petitioner may have an enlargement of time to May 19, 2009, in which to submit a check or money order payable to the clerk of court in the amount of $1.15. If, by May 19, 2009, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 24th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge