IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ELIJAH BOWERS, JR.,

                Plaintiff,                          ORDER

      v.                                                09-cv-194-bbc

JANEL NICKEL, CAPTAIN RADKT,
L.T. JOHNSON, NEUHAUSER,
PULVER, SALENE, VANDENBROOK,
MARSHAL, SARAH WATSON,
NINAKU CANADY, MICHAEL THURMER,
MICHAEL MEISENER, DON STRAHOTA,
CAPTAIN GARRISON, TRAVIS S. CAUL
and MARK LEISATZ,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was dismissed without prejudice on May 28, 2009 when plaintiff failed to submit the initial partial payment of the $350 fee for filing this case pursuant to the 1996 Prisoner Litigation Reform Act. Now, eight months later, plaintiff has filed a document titled "Extraordinary Writ Fed R. Civil P. Rule 21" in which he asks "for a redress of past claim(s)." Plaintiff's motion is largely unintelligible, but I will construe it as a motion for relief from the final order under Fed. R. Civ. P. 60(b), which allows a court to vacate an

1

order or judgment for mistake, excusable neglect, fraud or "any other reason that justifies relief." Even so construed, the motion does not establish that grounds exist for granting plaintiff relief from judgment in this case.

Rule 60(b) authorizes a court to grant relief from judgment when a party brings a motion based on one of six specific grounds listed in the rule. Fed. R. Civ. P. 60(b); see also United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)— they cannot be general pleas for relief"). Specifically,

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiff fails to explain why he is entitled to relief from the May 28, 2009 order. So far as I can tell from his document, it does not appear to relate to matters appropriately raised in a post judgment motion. Plaintiff's discussion of his closed Eastern District of Wisconsin case and his statements recitations regarding the Madrid Agreement and the First United Nations Congress on the Prevention of Crime and the Treatment of Offenders fail to meet the requirements of Rule 60(b). Relief under Rule 60(b) is an

extraordinary remedy reserved for exceptional circumstances, none of which have been shown to exist in this case.  See, e.g., Kagan v. Caterpillar Tractor Co., 795 F.2d 60l (7th Cir. l986); Andrews v. Heinold Commodities, Inc., 77l F.2d l84 (l985).  Therefore, I will deny plaintiff's "Extraordinary Writ."  Because plaintiff's case was dismissed without prejudice, if plaintiff is able to make an initial partial payment in the future or enough time elapses that a six-month trust fund account statement would show that plaintiff has no means to make an initial partial payment, he may move to reopen this case.

## ORDER

IT IS ORDERED that the "Extraordinary Writ Fed R. Civil P. Rule 21" filed by plaintiff David Bowers, dkt. #12, is DENIED.

Entered this 18th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge